UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND JONES,<br>CDCR #F-47928,<br><br>        Plaintiff,<br><br>   vs.<br><br>SGT. CANEDA;<br>SGT. ESTAUCIO,<br><br>        Defendants. | Case No.: 3:19-cv-02121-CAB-MDD<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff, Garland Jones, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

  Plaintiff claims two RJD correctional sergeants have "harassed" him, "diminished [his] ability to file legal documents," denied him access to the legal library, "disrupted [his] program," and attempted to "undermine" his "legal actions." *Id.* at 2–4. He has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

1

I.  **Motion to Proceed IFP**

   A.  Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the

central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff seeks to sue two RJD officials based on claims that they have all interfered with his ability to file and gather documentation he claims relevant to unspecified complaints and other "legal matters." *See* Compl., ECF No. 1 at 2–4. These claims fail to plausibly meet § 1915(g)'s exception for imminent danger. *See Cervantes*, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception in cases of "imminent danger of serious physical injury").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in

3

3:19-cv-02121-CAB-MDD

some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Garland Jones, identified as CDCR Inmate #F-47928, while incarcerated, has had four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Jones v. Tolson, et al.*, Civil Case No. 1:15-cv-01037-JDP (E.D. Cal. Sept. 14, 2015) (Order dismissing civil action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), (2)) (ECF No. 17) (strike one);

(2) *Jones v. Tiscornia, et al.*, Civil Case No. 3:18-cv-00544-GPC-PCL (S.D. Cal. July 30, 2018) (Order dismissing second amended complaint for failing to state a claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (ECF No. 11) (strike two);

(3) *Jones v. Mailroom Officials at CSATF, et al.*, Civil Case No. 1:17-cv-00281-LJO-SKO (E.D. Cal. Oct. 31, 2018) (Findings and Recommendations ["F&R"] to dismiss second amended complaint for failure/inability to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2) and § 1915(e)(2)(B)(ii)) (ECF No. 22); (E.D. Cal. Jan. 9, 2019 Order adopting F&R) (ECF No. 24) (strike three); and

(4) *Jones v. Cal. Corr. Healthcare Servs., et al.*, Civil Case No. 2:17-cv-00738-WBS-DB (E.D. Cal. March 21, 2019) (Order & F&R to dismiss second amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) & (2)) (ECF No. 30); (April 26, 2019 Order adopting F&R and dismissing second amended complaint without leave to amend) (ECF No. 32) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[1]

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

---

[1] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court on six previous occasions. *See Jones v. Blahnik, et al.,* S.D. Cal. Civil Case No. 3:18-cv-02262-GPC-BLM (ECF No. 11); *Jones v. Elizaldie*, S.D. Cal. Civil Case No. 3:18-cv-02734-JLS-MDD (ECF No. 4)*; Jones v. Elizaldie, et al.*, S.D. Cal. Civil Case No. 3:19-cv-00296-BAS-AGS (ECF No. 4); *Jones v. Campos, et al.*, S.D. Cal. Civil Case No. 3:19-cv-01340-LAB (JLB) (ECF No. 4), and *Jones v. Elizalde, et al.,* S.D. Cal. Civil Case No. 3:19-cv-01521-CAB-JLB (ECF No. 4).

1   (4)   **DIRECTS** the Clerk of the Court to close the file.

2   **IT IS SO ORDERED**.

3 Dated: January 15, 2020

                _____
Hon. Cathy Ann Bencivengo
United States District Judge